LARSON, Respondent, v. HELGERSON, etc., Appellant.

(223 N. W. 939.)

(File No. 6382. Opinion filed March 2, 1929.)

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Appellant.

*J. M. Berry,* of Ipswich, for Respondent.

CAMPBELL, J.   Section 7, c. 244, Session Laws 1919, being the original Hail Insurance Law of this state, provided for coverage of crops when properly listed, etc., by state hail insurance from 12 o'clock noon June 1st, of each year, to 12 o'clock noon September 15th, subject to certain exceptions.

By section 3 of chapter 265, Laws 1921, it was attempted to amend section 7 of the original act by leaving the coverage dates the same as to certain counties in the state (that is, June 1st to September 15th), but providing that as to certain other counties (including the county of Edmunds) the period of state hail insurance coverage should be from 12 o'clock noon on the 15th day of June to 12 o'clock noon on the 15th day of September.

Section 18 of chapter 244, Laws 1919 (unchanged in this particular by the amendment of chapter 64, Laws Second Special Session 1920) reads in part as follows:   "When any crop has sustained damage by hail, the owner thereof or any person interested therein shall promptly notify the Commissioner of Hail Insurance of such loss by telegram or registered letter addressed to the Commissioner of Hail Insurance, Pierre, South Dakota, and in no event shall such telegram be filed or letter mailed later than four days after the said damage has been sustained, otherwise the damage so sustained shall be deemed to be and shall be waived.   Provided, however, that in case the owner or person interested, through no fault of his own, has been unable to notify the Commissioner of

Hail Insurance of the loss sustained within four days, discretionary power is hereby vested in such Commissioner of Hail Insurance to extend the time for a period of not more than ten days upon proper showing. The Commissioner of Hail Insurance shall, as soon as possible after receiving notice of loss, direct an official adjuster to visit the place of loss and proceed to estimate and adjust such loss."

Plaintiff was the lessee during the farming season of 1922 of certain farm land planted to crop in Edmunds county, S. D., which land was duly reported to the assessor for hail insurance and returned and reported to the county auditor of Edmunds county and not exempted.

Plaintiff instituted this proceeding for a writ of mandamus, alleging his interest in the crops in question and the listing of the same for hail insurance for the season of 1922, and alleging, in part, as follows:

"That on the 12th day of June, 1922, the plaintiff herein had the crops hereinbefore described growing upon said premises and during the farming season of 1922 and at all times herein mentioned the said crops so growing were insured against loss or damage or destruction by hail under and pursuant to the provisions of chapter 244 of the Session Laws of the state of South Dakota, for the year 1919 and acts amendatory thereto. That upon the 12th day of June, 1922, the crops of grain sown and planted upon said real estate by the plaintiff were damaged by a hail storm. That the damage to such crops varied as hereinafter set forth, the said crops being partially destroyed. That prior to the year of 1922 the said plaintiff had reported hail losses to the County Auditor of Edmunds County and said County Auditor had reported said losses to the Hail Insurance Department at Pierre, South Dakota, and that in response to said report of loss the said hail insurance department would send an adjuster to make adjustments of any losses sustained.

"That on the 14th day of June, 1922, this plaintiff for the purpose of reporting hail loss to the hail insurance department at Pierre, South Dakota, went to the office of the County Auditor at which time L. J. Thomas was the qualified and acting County Auditor of said County. That the said plaintiff advised said L. J. Thomas that he had had a hail loss on the 12th day of June, 1922, and that he desired to make a report of said loss to the hail in-

surance department as he had done at previous times. That at said time the said L. J. Thomas as County Auditor advised this plaintiff that he could make no claim for said loss as the State was not liable for said loss, as the risk did not take effect until the 15th day of June in Edmunds County. That said Thomas also told this plaintiff that as the State was not liable under the law it would be a useless procedure for him to endeavor to collect said insurance and there was no use of him wasting his time in making a report of said damage.

"That the plaintiff relied upon the statements of the said Thomas and believing that the State was not liable for any damage which his crop had then sustained for the reason that the risk did not commence until the 15th of June of said year, did not endeavor further at that time to file said claim. That he learned about the 2d day of June, 1923, that the State of South Dakota was liable for such loss and as soon as he was informed as to this, he immediately made out a claim which he signed and filed with the County Auditor on the 2d day of June, 1923. That E. R. Lewis on said date was then the qualified and acting County Auditor of Edmunds County and at said time said Lewis informed this plaintiff that he would immediately forward said claim to the Hail Insurance Department at Pierre. That he thought at all times subsequent to said date that said Auditor had forwarded said claim to the Insurance Department, but on the 21st day of February, 1924, he was informed by J. E. Van Camp that said claim had not reached the office of the Commissioner of Hail Insurance and upon investigation he found that the County Auditor was under the impression that the notices filed with him were copies of the originals sent to the Commissioner of Insurance, when in fact they were the originals and should have been forwarded to the Commissioner of Insurance. That shortly after the plaintiff learned that said claims had not reached the office of the Commissioner of Hail Insurance the said plaintiff caused said notice of loss to be filed and the same was filed in the office of the Commissioner of Hail Insurance about the 23d day of February, 1924. That this plaintiff made every effort to file his claim within the four days after said storm on the 12th day of June, 1922, and continued to do so and would have filed said claim within said four days had he not been instructed by the said L. J. Thomas, County Auditor, that such claim could not be filed."

Plaintiff alleges that the commissioner of insurance, after the filing of this notice of loss on February 23, 1924, has refused and continues to refuse to adjust, estimate, and appraise the loss and allow and pay the same.

Upon this showing the alternative writ was awarded.

Defendant commissioner moved to quash the alternative writ upon the ground that the petition did not state facts sufficient to constitute a cause of action or to entitle the petitioner to the relief prayed.

The motion to quash was denied, and defendant, electing to stand thereon, did not answer, and the court made findings and conclusions in favor of the plaintiff and entered a judgment awarding the peremptory writ, and defendant has appealed.

Section 3 of chapter 265, Laws 1921, was held unconstitutional by this court in Stavig v. Van Camp, 46 S. D. 302, 192 N. W. 760, opinion filed March 14, 1923, and it was apparently after that decision that respondent conceived the idea that he might be entitled to recover this hail insurance.

■ In the first place respondent, according to his own showing, did not act properly or promptly after learning on June 2, 1923, that perhaps the state hail insurance had been in force in Edmunds county at the time of his loss June 12, 1922. By virtue of the statute above quoted, notice of loss must be given to the commissioner of hail insurance "by telegram or registered letter addressed to the Commissioner of Hail Insurance, Pierre, South Dakota." Respondent could not substitute in lieu of this statutory provision a notice to the county auditor of Edmunds county. County auditors are not agents of the state of South Dakota or of the commissioner of hail insurance to accept or receive notices of loss. If respondent gave his notice to the county auditor and relied on the county auditor to transmit the same to the commissioner of hail insurance, the most that can be said is that respondent thereby undertook to make the county auditor his own agent for the purpose of giving notice, and, if the agent did not transmit the notice, neither the state of South Dakota nor the commissioner of hail insurance can be held responsible.

■ Waiving that point, however, we are of the opinion that respondent is not in any event entitled to the relief awarded. County auditors are not agents authorized by the state of South

Dakota or the commissioner of insurance to make binding representations in regard to the status of the Hail Insurance Law. When respondent on June 14, two days after his loss, called at the office of the county auditor of Edmunds county, the auditor informed him that the state was not liable inasmuch as the risk did not attach in Edmunds county according to the then existing law until June 15. Under those circumstances, respondent could do one of two things: He could either acquiesce in the county auditor's interpretation of the law and in the view of the county auditor that he had no collectable claim, and take no further steps in the matter; or, he could do as did the plaintiffs in the Stavig Case, supra—that is, he could take the position that he had a collectable claim regardless of the statute, give notice of loss, and proceed accordingly. He must be held to have known, however, that if the insurance in fact was in force in Edmunds county on June 12, and if he had a collectable loss, he must, under the statute, in order to secure payment thereof, give notice to the commissioner at Pierre within the statutory time. This he did not do. Neither the state nor the commissioner of insurance is responsible because respondent saw fit to acquiesce on June 14, 1925, in the opinion (and undobutedly the honest opinion) of the county auditor of Edmunds county as to the validity and constitutionality of section 3, c. 265, Laws 1921. Respondent having so done and having abandoned all effort to give notice of loss, he certainly cannot expect, in February, 1924, to be permitted to change his position, demand an inspection and adjustment, which would be utterly futile, and expect to have a loss allowed and paid.

The peremptory writ is quashed, the judgment appealed from is reversed, and the cause remanded, with directions to enter an order quashing the alternative writ.

MISER, C., sitting in lieu of BROWN, J., absent.

SHERWOOD, P. J., and POLLEY, BURCH, and MISER, JJ., concur.